UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE WILSON,

    Plaintiff,                              CIVIL ACTION NO. 06-14767

    v.                                  DISTRICT JUDGE NANCY G. EDMUNDS
                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant's impairments did not significantly limit her ability to perform basic work activity during the relevant period.

\* \* \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on April 29, 2003[1], alleging that she had been disabled and unable to work since June 1999, at age 46, due to severe back pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on October 20, 2004, before Administrative Law Judge (ALJ) Neil White. The ALJ found that the claimant was not entitled to disability benefits because she did not suffer

---

[1] Plaintiff filed prior applications for SSI benefits in September 1999 and June 2001, alleging the same disability as the present application, which were denied by the SSA and not pursued further (TR 17-56).

from any severe impairments which significantly limited her ability to perform basic work-related activities during the relevant past[2]. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing. She is a high school graduate and had some experience in both trade school and college (TR 369-370). The claimant had been employed as a substitute teacher through February 2004, but she also worked as a school counselor, computer technician and research assistant for the Flint Public Schools (TR 370-371, 376). Plaintiff alleged that she was disabled as a result of back pain that prevented her from standing for prolonged periods or lifting more than 25 pounds (TR 374). When she attempted to lift heavier objects, she sometimes experienced right arm weakness (TR 375). The back pain also interfered with her concentration and

---

[2] 20 C.F.R. § 404.1521, 416.921 (2006) states:

What we mean by an impairment(s) that is not severe.
  (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
  (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
    (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
    (2)    Capacities for seeing, hearing, and speaking;
    (3)    Understanding, carrying out, and remembering simple instructions;
    (4)    Use of judgment;
    (5)    Responding appropriately to supervision, co-workers and usual work situations; and
    (6)    Dealing with changes in a routine work setting.

attention span (TR 375). Plaintiff did not take any pain medication other than aspirin (TR 373), and she rarely drove an automobile because she did not own a car (TR 375).

A Vocational Expert, Judith Findora, classified Plaintiff's past work as light, semi-skilled activity (TR 376). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 377). The VE was not asked to identify jobs existing in the national economy that Plaintiff could still perform, given her age, educational level and work experience.

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff had been impaired during the relevant period[4] as a result of a history of pancreatitis and cholecystitis, status post stroke and a personality disorder, but that these impairments were not severe enough after April 2003, to significantly limit her ability to perform basic work-related activities. As a result, the ALJ terminated the sequential evaluation process at step two and declared that claimant was not disabled because she did not suffer from any severe impairments during the relevant period.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the

---

[3]The witness testified that claimant's alleged inability to concentrate on simple tasks would preclude all work activity (TR 377).

[4]Proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between April 29, 2003, the SSI application date, and August 11, 2005, the date of the ALJ decision, in order to be entitled to SSI benefits.

3

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

The Commissioner employs a five step sequential evaluation process to determine disability. If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2003). Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by her impairment or combination of impairments from engaging in her relevant past employment,

4

or (5) has the ability to engage in other gainful activity considering her age, education, past relevant experience, and residual functional capacity.

In the instant case, the Law Judge terminated the sequential evaluation process at step two when he found that Plaintiff did not suffer from a severe impairment, one that significantly limited her ability to perform basic work activities. 20 C.F.R. §404.1520, 416.921 (2006). The step two severity regulation has been construed as a de minimis hurdle in the disability determination process. Salmi v. Secretary, 774 F.2d 685, 690-92 (6th Cir. 1985). Under that view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience. Farris v. Secretary, 773 F.2d 85, 90 (6th Cir. 1985). Thus, generally, a disability claim should not be dismissed without consideration of the claimant's individual vocational situation. Higgs v. Bowen, 880 F.2d 860, 862-863 (6th Cir. 1988). Nevertheless, Congress has approved the threshold dismissal of claims obviously lacking medical merit, because in such cases the medical evidence demonstrates no reason to consider age, education, and experience. Bowen v. Yuckert, 482 U.S. 137, 148 (1987). As the Sixth Circuit has recognized, the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint. Farris, 773 F.2d at 90 n. 1.

I am persuaded that substantial evidence existed on the record supporting the Commissioner's determination that Plaintiff's impairments were not severe, given the lack of objective clinical findings in the record during the relevant period. Even though Plaintiff testified that back pain was the primary reason she was unable to work (TR 371, 374), a review of the medical record after April 2003 reveals that she never complained of back

discomfort to Dr. Ahmed, her primary care physician (TR 200-207). Dr. Ahmed recorded normal musculoskeletal and neurological findings after April 2003 (TR 205, 207). A consultative examination by Dr. Ralph Lazzara, just three months before the relevant period, revealed no physical abnormalities or limitations (TR 157-159). The Law Judge also took into consideration the opinion of a state agency consultant[5], who concluded that the claimant's physical impairments were not severe (TR 183).

While Dr. Ahmed indicated that Plaintiff experienced some mental depression during the relevant period, the primary care physician did not suggest that the condition caused any limitations in Plaintiff's ability to carry out basic work activities. A psychiatric assessment by Dr. Gordon Forrer, on January 8, 2003, found that her level of psychological functioning was adequate (TR 99). The fact that the claimant did not seek mental health treatment during the relevant period, even though she had done so in the past for acute emotional problems, further suggests that she was not experiencing mental difficulties impacting her ability to carry out basis work activities.

Contrary to Plaintiff's assertion, the decision of the Commissioner not to reopen her previous application for disability benefits is not subject to judicial review absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff has not alleged a constitutional claim. Moreover, the doctrine res judicata applies to the determination of Plaintiff's condition through the date of the previously unchallenged administrative decisions (January 31, 2003). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981).

---

[5]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                   s/Donald A. Scheer
                                                   DONALD A. SCHEER
DATED: May 22, 2007                        UNITED STATES MAGISTRATE JUDGE

_____

## CERTIFICATE OF SERVICE

      I hereby certify on May 22, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 22, 2007. **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217